620 N.W.2d 528 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Calvin Gene JACKSON, Defendant-Appellant.
No. 115652, COA No. 217004.
Supreme Court of Michigan.
January 3, 2001.
By order of March 28, 2000 the application for leave to appeal from the October 6, 1999 decision of the Court of Appeals was held in abeyance pending the decision in People v. Bulger. On order of the Court, the decision having been issued on July 19, 2000, 462 Mich. 495, 614 N.W.2d 103 (2000), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MICHAEL F. CAVANAGH, J., dissents and states as follows:
I would grant to reconsider this Court's strained reasoning in People v. Bulger and save this defendant a trip to federal court for relief.
MARILYN J. KELLY, J., dissents and states as follows:
I would remand this case to the Court of Appeals with instructions to allow defendant to present his substantive issues in a delayed application for leave to appeal. MCR 7.205(D)(4) and 7.316(A)(7).
Defendant pleaded guilty to fleeing from a police officer, third degree, and of being an habitual offender, fourth degree. Later, he appealed the conviction. Being indigent, he requested the appointment of appellate counsel, which was denied.
Defendant appealed, but only from the denial of his request for appellate counsel. The Court of Appeals denied leave for lack of merit. We held defendant's application for leave to appeal in abeyance for People v. Bulger, 462 Mich. 495, 614 N.W.2d 103 (2000).
In Bulger, this Court decided that indigent defendants appealing from a conviction based on a guilty plea do not have a constitutional right to the appointment of appellate counsel. Because whether he was constitutionally entitled to the assistance of appellate counsel was not certain at the time defendant Jackson initially appealed, I find it unfair to penalize him for failing to raise his substantive issues.
This Court remanded Bulger to the trial court so that defendant Bulger could pursue his application for leave to appeal. Bulger, supra at 521, 614 N.W.2d 103. I would grant the same relief to this defendant.