620 N.W.2d 528 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Marvin Gene WILKINS, Defendant-Appellant.
No. 115902, COA No. 210175.
Supreme Court of Michigan.
January 3, 2001.
By order of May 30, 2000 the delayed application for leave to appeal from the October 5, 1999 decision of the Court of Appeals was held in abeyance pending the decision in People v. Bulger. On order of the Court, the decision having been issued on July 19, 2000, 462 Mich. 495, 614 N.W.2d 103 (2000), the delayed application is again considered, and it is DENIED, because we are not persuaded that the *529 questions presented should be reviewed by this Court.
MICHAEL F. CAVANAGH, J., dissents and states as follows:
I would grant to reconsider this Court's strained reasoning in People v. Bulger and save this defendant a trip to federal court for relief.
MARILYN J. KELLY, J., dissents and states as follows:
I would remand this case to the Court of Appeals as on leave granted. Defendant argues that he was denied the effective assistance of counsel in the course of preparing for trial. As a result, he felt compelled to enter a guilty plea. Appellate counsel should be appointed for him so that a meaningful review of his claim can be made.
After entering his plea, defendant sought to appeal his conviction. His request for the appointment of appellate counsel was denied. Defendant appealed from not only the denial of this request but, also, the finding that he received the effective assistance of counsel. The Court of Appeals denied for lack of merit.
This Court held the case in abeyance for People v. Bulger, 462 Mich. 495, 614 N.W.2d 103 (2000). In Bulger, this Court decided that indigent defendants convicted after a guilty plea do not have a constitutional right to the appointment of appellate counsel.
The issue defendant raises has substantive merit and should be reviewed more carefully. Defense counsel appears to have failed to obtain certain forensic evaluations, possibly resulting in the loss of a defense based on diminished capacity or insanity.
Therefore, I would remand this case to the Court of Appeals as on leave granted.